LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-5371 GAF (MANx) | Date | August 12, 2010 |
|---|---|---|---|
| Title | Expansys UK Limited v. Patrick O'Neill | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**      (In Chambers)

### ORDER TO SHOW CAUSE

Plaintiff Expansys UK Limited ("Expansys") has filed this suit against defendant Patrick O'Neill ("O'Neill"). Expansys alleges that its claims fall within this Court's jurisdiction pursuant to 28 U.S.C. § 1332 (Compl. ¶ 1.), but it has failed to properly plead diversity of citizenship.

Section 1332 confers federal courts with original jurisdiction over "all civil actions where the matter in controversy exceeds...$75,000...and is between...citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). "A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State." Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 388 (1998); In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008) ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff.") (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267, 2 L.Ed. 435 (1806)). Therefore, to establish diversity, Expansys must properly allege the citizenship of every party in this action.[1]

---

[1] "[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) (citing Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989)). "To be a citizen of a state, a natural person must first be a citizen of the United States. [Citation.] The natural person's state citizenship is then determined by her state of domicile, not her state of residence." Kanter, 265 F.3d at 857; see also Mantin v. Broad. Music, Inc., 244 F.2d 204, 206 (9th Cir. 1957) (allegation that Plaintiff was "residing in the County of Los Angeles, State of California" failed to establish Plaintiff's citizenship and thus diversity jurisdiction did not exist).

**LINK:**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-5371 GAF (MANx) | Date | August 12, 2010 |
|---|---|---|---|
| Title | Expansys UK Limited v. Patrick O'Neill | | |

Here, Expansys pleads that it is a "corporation organized under the laws of the United Kingdom with its principal place of business in the United Kingdom." (Compl. ¶ 3.) But as to O'Neill, Expansys indicates merely that he "is an individual residing in Huntington Beach, California." (Id. ¶ 4 (emphasis added).)

This allegation does not adequately describe O'Neill's citizenship, and the Court therefore cannot determine whether diversity of citizenship exists in this case. To properly invoke this Court's subject matter jurisdiction, Expansys must allege O'Neill's state of citizenship.

Expansys is therefore **ORDERED TO SHOW CAUSE, no later than Monday, August 23, 2010**, why this case should not be dismissed for lack of subject matter jurisdiction. A written memorandum addressing the Court's concerns shall constitute a sufficient response to this order.

**Failure to respond to this order to show cause shall constitute consent to dismissal of the case.**

**IT IS SO ORDERED.**