LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-5371 GAF (MANx) | Date | August 27, 2010 |
|---|---|---|---|
| Title | Expansys UK Limited v. Patrick O'Neill | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**     **(In Chambers)**

### FURTHER ORDER TO SHOW CAUSE

Plaintiff Expansys UK Limited ("Expansys") has alleged "that its claims fall within this Court's jurisdiction pursuant to 28 U.S.C. § 1332." (8/12/10 Order, Docket No. 13, at 1.)  But the Court's August 12, 2010 order indicated that Expansys had "failed to properly plead diversity of citizenship." (Id.)

The Court acknowledged Expansys's statements in its complaint, where it averred that defendant Patrick O'Neill ("O'Neill") "is an individual residing in Huntington Beach, California"; however, the Court explained that these allegations did not adequately establish O'Neill's state of citizenship. (Id. at 2 (citing Compl. ¶ 4).)  The Court advised Expansys that a "natural person's state citizenship is" not determined by her "state of residence," for purposes of section 1332. (Id. at 1 n.1 (citing Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001)) (internal quotation marks omitted).) Expansys was therefore ordered to show cause why its complaint should not be dismissed for lack of subject matter jurisdiction. (Docket No. 13, at 2.)

Expansys has now responded to the Court's order (Docket No. 16.), but its response has not adequately addressed the Court's concerns.

To review, section 1332 confers federal courts with original jurisdiction over "all civil actions where the matter in controversy exceeds...$75,000...and is between...citizens

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5371 GAF (MANx) | Date | August 27, 2010 |
|---|---|---|---|
| Title | Expansys UK Limited v. Patrick O'Neill | | |

of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). "[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." Kanter, 265 F.3d at 857 (citing Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989)). "To be a citizen of a state, a natural person must first be a citizen of the United States. [Citation.] The natural person's state citizenship is then determined by her state of domicile, not her state of residence." Kanter, 265 F.3d at 857. "Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode." Weible v. U.S., 244 F.2d 158, 163 (9th Cir. 1957); see also Mantin v. Broad. Music, Inc., 244 F.2d 204, 206 (9th Cir. 1957) (allegation that Plaintiff was "residing in the County of Los Angeles, State of California" failed to establish Plaintiff's citizenship and thus diversity jurisdiction did not exist).

Expansys's response states that "O'Neill...is a citizen of both the United States and the United Kingdom." (Docket No. 16, at 2 (citing Beeber Decl. ¶ 2).) Expansys contends that because "O'Neill is a citizen of the United States," and Expansys "has "previously alleged O'Neill's residence in California," the "requirements for diversity jurisdiction have been met."(Docket No. 16, at 2.)

Expansys is incorrect. O'Neill's "dual-citizenship poses no jurisdictional problem," because only "the American nationality of the dual citizen should be recognized under 28 U.S.C. § 1332(a)." Sanchez v. Aerovias De Mexico, S.A. De C.V., 590 F.3d 1027, 1028 n.1 (9th Cir. 2010) (internal quotation marks omitted) (citing Mutuelles Unies v. Kroll & Linstrom, 957 F.2d 707, 711 (9th Cir. 1992)). But establishing O'Neill's U.S. citizenship does not end the inquiry; it must also be established that he is a "citizen[] of a State." 28 U.S.C. § 1332(a)(2). The Supreme Court examined this issue in Newman-Green and stated:

> In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State. [See Robertson v. Cease, 97 U.S. 646, 648-49 (1878); Brown v. Keene, 8 Pet. 112, 115 (1834).] The problem in this case is that [defendant] Bettison, although a United States citizen, has no domicile in any State. He is therefore "stateless"....

**LINK:**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-5371 GAF (MANx) | Date | August 27, 2010 |
|---|---|---|---|
| Title | Expansys UK Limited v. Patrick O'Neill | | |

490 U.S. at 828.

Expansys's response refers again to O'Neill's state of residence, but does not describe his state of domicile. In order to establish this Court's diversity subject matter jurisdiction under section 1332, Expansys must allege, subject to FED. R. CIV. P. 11, the state where O'Neill is <u>domiciled</u>. Reaffirming O'Neill's mere residence in California is <u>not sufficient</u>.

Expansys is once again **ORDERED TO SHOW CAUSE, no later than Wednesday, September 8, 2010**, why this case should not be dismissed for lack of subject matter jurisdiction. A written memorandum addressing the Court's concerns shall constitute a sufficient response to this order.

**Failure to respond to this order to show cause shall constitute consent to dismissal of the case.**

**IT IS SO ORDERED.**